1  **ROBERT MANN**, CSB 48293
   **DONALD W. COOK**, CSB 116666
2  ATTORNEYS AT LAW
   3435 Wilshire Blvd., Suite 2900
3  Los Angeles, CA 90010
   Telephone: (213) 252-9444
4  Facsimile: (213) 252 0091
   E-mail: manncook@earthlink.net
5
   Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR BRIONES and ROSELAND HARDING,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN BERNARDINO, SAN BERNARDINO CITY POLICE DEPARTMENT, SAN BERNARDINO CITY CHIEF OF POLICE KEITH L. KILMER, ADAM AFFRUNTI, STATE OF CALIFORNIA, CALIFORNIA HIGHWAY PATROL, DOES 1-10.<br><br>Defendants. | Case No. CV10-7571 CBM (OPx)<br><br>DISCOVERY MATTER<br><br>**PROTECTIVE ORDER RE DISCOVERY PRODUCED BY DEFENDANTS CITY OF SAN BERNARDINO AND SAN BERNARDINO POLICE DEPARTMENT** |

Pursuant to the parties' stipulation (including the terms therein) and good cause appearing therefor, IT IS HEREBY ORDERED that the following items are covered by this protective order:

1) Each and every "Use of Force" report, or "Officer Involved Shooting" report, or other WRITING, of similar name relating to the use of a firearms at animals by Adam Affrunti. (R4P No. 24);

-1-

~1346859.WPD

2) All Department statistical reports on the use of firearms on animals by San Bernardino police officers; including but not limited to DEFENDANT, for the time period starting five years before the INCIDENT and until compliance with this request to produce. (R4P No. 25);

3) All WRITINGS containing any evaluation, review, criticism, or report of the use of firearms on animals by the San Bernardino Police Department including but not limited to any WRITING containing any analysis of the number of persons and/or animals injured by San Bernardino police officers where the injuries occurred as a result of the officers' uses of firearms, from five years before the date of this request until compliance with this request to produce. (R4P No. 27);

4) All WRITINGS of any DEFENDANT or any of its departments, agents, or employees, reflecting, referring to or constituting claims that any San Bernardino Police officer, including Adam Affrunti, improperly used a firearm on an animal. "Claims" includes personnel complaints and investigations, letters, and the like. (R4P No. 28) (Lawsuits and 910 claims also will be produced, but not subject to this protective order because they are public documents.);

5) All WRITINGS of any DEFENDANT or any of its departments, agents, or employees, reflecting, referring to or constituting claims that any San Bernardino police officer, including Adam Affrunti, improperly entered onto someone's property. "Claims" includes personnel complaints and investigations, letters, and the like. (R4P No. 29) (Lawsuits and 910 claims also will be produced, but not subject to this protective order because they are public documents.).

6) A copy of the records of Adam Affrunti while at the Police Academy, Sheriff's Academy or other law enforcement officer training facility at which training was received. (R4P No. 36);

7) Any and all WRITINGS showing, reflecting or referring to the IDENTITIES and qualifications of San Bernardino Police Department persons or civilian personnel who trained Adam Affrunti regarding the use of physical force. (R4P No. 37);

8) Any and all WRITINGS showing, reflecting or referring to the IDENTITIES and qualifications of San Bernardino Police Department persons or civilian personnel who trained Adam Affrunti regarding the use of a firearm. (R4P No. 38); and

9) Any and all WRITINGS showing, reflecting or referring to the IDENTITIES and qualifications of San Bernardino Police Department persons or civilian personnel who trained Adam Affrunti regarding when an officer may enter onto someone's property. (R4P No. 39).

The use and dissemination of the items listed in this stipulation shall be limited to the prosecution and/or defense of claims in this lawsuit only; shall not be disclosed to persons other than the parties' counsel and their staffs, the court, and consultants or experts retained by the parties in connection to this lawsuit.

The copies of any records disclosed to counsel for the parties pursuant to this Protective Order may be distinctively marked, provided that such marking does not obscure or obliterate the content of any record, and may be stamped with substantially the following language: "CONFIDENTIAL, – UNLAWFUL, TO DUPLICATE." Any copies or reproductions shall be subject to the terms of this Order.

It is the responsibility of counsel for the parties to inform all persons who receive the documents of the contents of this order and its restrictions, and to secure their agreement to be bound by this order. In the event such individual does not consent to be bound by the Protective Order, no disclosure of Confidential Information shall be made to such individual.

Before any trial or other hearing at which Confidential Information may be introduced into evidence or otherwise used, defendants may ask the Court to issue an order governing the use of such Confidential Information at the trial or hearing.

Counsel for each party shall take reasonable precaution to prevent the unauthorized or inadvertent disclosure of any of the protected information or documents Plaintiffs' counsel shall not provide to the plaintiffs, either orally or in writing, the addresses and telephone numbers of persons identified within the Confidential Information, but may discuss the information obtained from any investigation conducted with complainants or witnesses.

If any of the documents are filed with the Court, the filing party must file the documents under seal and comply with L.R. 79-5.1 and 79-5.4.

Except for documents filed in the Court, all documents produced pursuant to this order, and any copies made of them, shall be returned to counsel for the City of San Bernardino at the conclusion of the litigation (entry of final judgment, appellate decision, or dismissal pursuant to a stipulation by the parties) within thirty days of the conclusion of this case. If copies of the documents have counsel's notes on them they may be destroyed, and a certification of destruction, signed by Plaintiffs' counsel under penalty of perjury, may be provided to counsel for the City.

This Protective Order, and the obligations or all persons thereunder, including those relating to the disclosure and use of Confidential Information shall survive the final termination of this case, whether such termination is by settlement, judgment, dismissal, appeal or otherwise, until further order of the court.

Nothing in this Protective Order is intended to prevent authorized individuals from having access to Confidential Information to which they would have had access in the normal course of their duties.

| | |
|---|---|
| 1 | In the event anyone shall violate or threaten to violate any terms of this protective |
| 2 | order, the aggrieved party may apply to obtain injunctive relief and monetary sanctions |
| 3 | against any such person. This court shall have the power to impose whatever penalties it |
| 4 | deems appropriate for the violation of said Order. |

DATED: 7/1/11

_____
Honorable, Oswald Parada
U.S. Magistrate Judge

~1346859.WPD